# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **MARY L. RICKS,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | CV 07-J-720-NW |
| ] | |
| **MICHAEL J. ASTRUE,** ] | |
| **Commissioner of the Social** ] | |
| **Security Administration**, ] | |
| ] | |
| Defendant. | |

## MEMORANDUM OPINION

This matter is before the court on the record and briefs of the parties.  The court has jurisdiction pursuant to 42 U.S.C. § 405.  The plaintiff is seeking reversal and remand of the final decision of the Commissioner.  All administrative remedies have been exhausted.

The plaintiff filed application for Disability Insurance Benefits and Supplemental Security Income on December 8, 2004[1] (R. 50-53, 297-299), alleging an inability to work since October 7, 2004, due to neck, back and shoulder pain from a car accident, and asthma (R. 59, 87, 112-113, 133, 316).  The applications were denied initially (R. 27-36, 306-310) and again by an Administrative Law Judge on October 16, 2006 (R. 16-23).  The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 5-7).

---

[1]The record contains evidence of an earlier application, filed February 20, 2004.  Some of the documentation is from that earlier application, which was apparently denied on April 21, 2004 (R. 25).  Given the plaintiff's statement that she became unable to work on October 7, 2004 (R. 59, 316) and the parties' complete lack of reference to the earlier application, the court notes only that some records in the file seem to have been developed as part of this prior application.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining:  1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988).  The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983).  However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir.1987).

*Lamb*, 847 F.2d at 701.  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir.1984).

The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The evidence before the court reveals that the plaintiff does suffer from ongoing neck and shoulder pain from the December 23, 2003, accident, but no physician, treating or otherwise, has stated the plaintiff is completely unable to work.  One of her treating physicians noted that the plaintiff was released to light duty as of February 20, 2004 (R. 164).  She was again given work restrictions on April 7, 2004, and the physician noted that

she could return to regular duty two weeks after that date (R. 230).  The plaintiff did not show up for her next two scheduled appointments (R. 230).

Since that time, her medical records are as follows: The plaintiff was seen in July 2005 for chills and headache, determined to be caused by a kidney infection (R. 277-291). On October 19, 2004, the plaintiff was seen by Dr. Ashmore, who noted she had an asthma flare-up and complained of headaches and neck and low back pain (R. 233).  On October 10, 2005, the plaintiff had an MRI of her cervical spine due to neck pain (R. 275). It found mild diffuse cervical disc bulging without significant neural impairment (R. 276). The plaintiff was seen in an emergency room in November 2005 for abdominal pain (R. 261).  She was seen again by Dr. Ashmore in May 2006 for an insect bite (R. 294).

At her hearing, the plaintiff testified she uses a nebulizer for asthma two or three times a day, and that the treatments took about ten minutes each (R. 320).  She testified she had daily headaches (R. 321).  The plaintiff also states that she has trouble sleeping because her neck, shoulder and "stuff" bother her, and that her pain averaged about a seven (R. 322).  The plaintiff also testified that she could stand about 30 minutes at a time, walk about a block, and sit for 30 minutes to an hour before she had to get up (R. 324). However, the plaintiff was able to attend college courses at the time of her hearing (R. 318, 324).

Dr. D.B. Laughlin examined the plaintiff upon referral from Social Security and concluded that she suffered from cervical and lumbar strain, asthma, GERD, obesity, history of gout and mild osteoarthritis of the knees, but did not opine that she was in any way unable to perform substantial gainful employment (R. 244-245).

3

At the hearing, the ALJ asked the vocational expert (VE) whether an individual such as the plaintiff, who could perform light work but with limitations in the lower extremities and the further limitation of avoiding moderate to all exposure to fumes, odors, dusts, gasses, and poor ventilation, could perform any of the plaintiff's prior work (R. 332-334).  The VE responded that it would permit the past relevant employment of housekeeper (at the moderate exposure level), cashier and caregiver as the plaintiff previously performed that job (R. 333-334).  The ALJ concluded that the plaintiff was capable of returning to her past relevant work (R. 23).

The plaintiff argues that the ALJ failed to properly consider whether her asthma met or equaled Listing 3.02A and failed to properly consider the effect of the plaintiff's obesity on her ability to work.  Plaintiff's memorandum (doc. 12), at 5-9.  The court finds that the ALJ made carefully considered and detailed findings concerning both of these limitations. In fact, the ALJ considered that very Listing, but found that the plaintiff's symptoms did not satisfy the Listing requirements (R. 19).

Given the evidence presented to the ALJ and this court, the court cannot conclude the decision of the ALJ was against the weight of the evidence.  Accordingly, the decision of the Commissioner must be affirmed.

Done, this 4th  day of December, 2007.


INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE